UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ARNOLD, et al.,<br><br>Defendants. | No. 2:16-cv-0551 MCE AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action against sole defendant Dr. Marianna Lotersztain on plaintiff's claim that defendant was deliberately indifferent to his serious medical needs during plaintiff's incarceration at California State Prison Solano (CSP-SOL). Plaintiff alleges that Dr. Lotersztain abruptly discontinued the corticosteroid prescription that plaintiff had been taking for more than ten years, without tapering the medication or providing any interim or palliative treatment and denied plaintiff's requests for referral to a dermatologist and for blood tests to measure his pituitary and thyroid functions. ECF No. 20. Plaintiff alleges that defendant's challenged conduct resulted, inter alia, in exacerbation of his skin conditions, physical collapse, and mental distress.

Currently pending are plaintiff's objections to three subpoenas duces tecum served on CDCR-related entitues by defendant's counsel on January 7, 2020. Plaintiff contends that responses to the subpoenas may contain confidential information concerning plaintiff's mental

1

health. ECF No. 42. Plaintiff contends that defendant bears the burden of demonstrating that his mental state is in controversy, noting that plaintiff himself is unable to obtain all of his own psychotherapist's notes. Plaintiff asserts that defendant, as a recipient of protected health information under the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. Parts 160 and 164, is prohibited from re-disclosing such information "except with a written authorization or as specifically required or permitted by law." Id. at 2 (citing 45 C.F.R. § 164.524(a)(2)(v), and Cal. Civ. Code § 56.13) (setting forth procedures to gain authorized access to protected health information). Plaintiff seeks "some kind of written agreement" or modification of the subpoenas to retain the confidentiality of information relevant to his mental health. Id.

Defendant responds that plaintiff's objections should be overruled because defendant "has not sought mental health records" and "[p]laintiff does not seem to dispute that his medical records are relevant discovery in this matter, to which Defendant would be entitled to." ECF No. 44 at 1-2.

The subject subpoenas duces tecum were directed to the following entities and sought the following information, scheduled for production on February 7, 2020, id., and Ex. A:

1) To CSP-SOL, seeking:

> All medical records, medical summaries/reports, treatment and progress notes (by doctors and/or nurses), tests, studies, correspondence, diagnosis, treatment, and therapy records, including doctors' notes, nurses' notes, doctors' reports, diagnosis notes and reports, prognosis notes and reports, sign-in-sheets, pharmacy records, radiology reports, MRI reports, documents relating to patient history, examination, testing, diagnosis, and treatment, and including e-mail communication between doctors and patient, and any other records or logs, handwritten notes, including but not limited to any records/documents that may be stored digitally and/or electronically from January 1, 2012 to Present.

2) To California Correctional Health Care Services Appeals Record Department, seeking:

> A copy of any and all medical appeal records including, but not limited to, first level, second level, and third level correspondences, memorandums, and 602 patient/inmate health care forms relating to appeal tracking Nos.:[1]

---

[1] "HC" references a Health Care appeal; "SC" refers to a Staff Complaint.

2

| | | | |
|---|---|---|---|
| 1 | SOL HC 15040871 | SOL HC 15040602 | SOL SC 16000603 |
| 2 | SOL HC 16041870 | SOL HC 16041142 | SOL SC 15000541 |
| 3 | SOL HC 15040952 | SOL HC 16041699 | SOL HC 15040317 |

3) To Unit Health Records Department, CSP-SOL, seeking:

> Any and all radiology images (x-rays, MRI's, Ultrasound, CT Scan, etc.) and radiology reports relating from January 1, 2012 to Present. Please provide BREAKDOWN of film taken before producing images to CD.

Plaintiff was notified and provided copies of the subpoenas pursuant to Rule 45(a)(4), Federal Rules of Civil Procedure. See ECF No. 44, Ex. A.

Defendant is correct that the subpoenas are not directed at mental health records as such. However, mental health information may well fall within the scope of the requested medical records and administrative appeals regarding health care. Because plaintiff alleges both physical and mental injuries resulting from defendant's challenged conduct – and because defendant offered plaintiff Ativan to calm him, ECF No. 20 at 12:18-28 – plaintiff's mental health has some relevance in this action. Plaintiff nonetheless maintains a privacy interest in his mental health records that must be balanced against defendant's interests. Moreover, under HIPAA, narrowly defined "psychotherapy notes"[2] are specifically excluded from records that may otherwise be accessed through authorized procedures. See 45 C.F.R. § 164.524(a)(1)(i).

For these reasons, and in light of the fact that the deadline for responses to the subpoenas has passed, a limited protective order tailored to the specific needs of this case is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections, ECF No. 42, to the subpoenas duces tecum served by defense

---

[2] Under HIPAA, "[p]sychotherapy notes means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's medical record. Psychotherapy notes excludes medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: Diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date." 45 C.F.R. § 164.501

3

| | |
|---|---|
| 1 | counsel on January 7, 2020, are SUSTAINED IN PART and DENIED IN PART as |
| 2 | follows: |
| 3 | 2. To the extent that plaintiff seeks to quash or limit the subpoenas, that request is |
| 4 | DENIED; |
| 5 | 3. To the extent that plaintiff seeks a protective order, that request is GRANTED and the |
| 6 | parties shall be guided by the following Protective Order for the remainder of this litigation: |

**PROTECTIVE ORDER**

I. Any information produced or otherwise provided in this action that documents plaintiff's mental health needs and/or treatment shall be regarded as Confidential Information subject to this Protective Order.

II. Any use of Confidential Information shall be limited to the needs and purposes of this litigation; neither party nor any counsel may share, give, or otherwise disseminate any Confidential Information to any other person or entity, except as authorized by this court.

III. Any Confidential Information that relates primarily to plaintiff's psychiatric care, including "psychotherapy notes," see n.2, supra, which is sought to be filed with the court, shall be filed under seal upon a motion or request pursuant to Local Rules 140(d) and 141. The Confidential Information shall be placed in a sealed envelope bearing the caption of this case and attaching a copy of this Protective Order requiring the documents to be filed under seal. The sealed envelope shall bear the following words: "CONFIDENTIAL: This envelope is sealed under order of the Court, contains Confidential Information, and shall only be accessed by the Court or authorized court personnel."

IV. All objections concerning the admissibility of Confidential Information under this Protective Order are preserved and may be made before such information may be admitted at trial or for any other purpose, including summary judgment.

IT IS SO ORDERED.

DATED: February 12, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE