UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ARNOLD,<br><br>Defendants. | No. 2:16-cv-0551 MCE AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. By order filed April 22, 2020, and at plaintiff's request, the deadlines were extended in this case for a period of ninety days. ECF No. 49. The discovery deadline was extended from May 1, 2020 to July 31, 2020, and the dispositive motion was extended from July 31, 2020 to October 30, 2020. Id. Prior to the filing of that order, plaintiff prepared and filed two discovery related motions. The first is a general request for the issuance of three blank subpoena forms. ECF No. 50. The second is a motion to compel discovery from sole defendant Lotersztain. ECF No. 51.

In light of the extended deadlines in this case, plaintiff's motion to compel discovery will be denied without prejudice to its later renewal if necessary. The court grants plaintiff's request for issuance of the three requested blank subpoena forms, and informs plaintiff of the showing he must make when he returns the completed forms to the court in order to obtain the assistance of the United States Marshal in serving the subpoenas.

1        A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a nonparty to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). A subpoena must be personally served or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).

       This court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984)); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

       Additionally, courts in this district require that a motion requesting service of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, 2010 WL 1948560, *1 2010 U.S. Dist. LEXIS 115432 (E.D. Cal. 2010) (Oberto, M.J.); Williams v. Adams, 2010 WL 148703, *1 2010 U.S. Dist. LEXIS 10248 (E.D. Cal. 2010) (Snyder, M.J.).

       The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to "produce" documents. Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to arrange they be photocopied at his own expense.

Subject to these considerations, the Clerk of Court will send plaintiff three blank subpoena forms for his completion and submission to the court. To obtain service of the subpoenas by the United States Marshal, plaintiff must complete the forms and submit them to the court with a motion demonstrating entitlement to such service. The motion should address the factors identified above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the issuance of three blank subpoena forms, ECF No. 50, is granted.

2. The Clerk of Court is directed to send plaintiff, together with a copy of this order, three subpoena duces tecum forms, signed but otherwise blank, pursuant to Rule 45, Federal Rules of Civil Procedure.

3. Within thirty (30) days after the filing date of this order, plaintiff shall complete the proposed subpoena duces tecum forms, and return these documents to the court with the attached Notice of Submission, together with a motion requesting service of the proposed subpoenas by the United States Marshal.

4. Plaintiff's motion to compel discovery, ECF No. 51, is denied without prejudice.

DATED: April 29, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED DARNELL DANIELS,<br><br>            Plaintiff,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>            Defendants. | No.  2:16-cv-0551 MCE AC P<br><br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed

_____:

    \_\_\_\_        Completed subpoena duces tecum summons forms (proposed)

    \_\_\_\_        Support motion requesting service of subpoenas by United States Marshal

_____        _____
Date                                                                              Plaintiff

1