1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TED DARNELL DANIELS,                      No.  2:16-cv-0551 KJM AC P

12                    Plaintiff,

13          v.                                 ORDER

14   ERIC ARNOLD, et al.,

15                    Defendants.

16

17          I.      Introduction

18              Plaintiff is a state prisoner incarcerated at California State Prison Solano (CSP-SOL),

19   proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. §

20   1983.  This order addresses plaintiff's request that the United States Marshal personally serve his

21   proposed subpoenas duces tecum, and plaintiff's request for appointment of counsel.  For the

22   reasons set forth below, both motions are denied without prejudice but counsel for defendant

23   Lotersztain is directed to provide plaintiff with a copy of his medical records that defendant

24   independently subpoenaed.

25          II.     Request for Service of Subpoenas Duces Tecum

26              By order filed April 30, 2020, this court granted plaintiff's request for three signed

27   subpoena forms, and informed plaintiff of the showing he must make to obtain the assistance of

28

                                                    1

1  the United States Marshal in serving the completed subpoenas.  ECF No. 52.  In response,[1]

2  plaintiff filed one completed subpoena that seeks a full copy of his medical records, which were

3  previously obtained by counsel for defendant Dr. Mariana Lotersztain,[2] Deputy California

4  Attorney General Amie McTavish (hereafter "defense counsel").  Plaintiff requests that the

5  subpoena be served on: (1) defendant Lotersztain, through defense counsel, id., and (2) Mr. Marc

6  A. Weeks, Supervisor HRT II, CSP-SOL Health Records Unit.  Id. at 7; see also ECF No. 51.

7  Plaintiff also requests issuance of a subpoena on the California Medical Board to obtain any

8  evidence that defendant Lotersztain has been professionally disciplined.

9       The extended discovery deadline in this case is now July 31, 2020.  ECF No. 49.  Due to

10  this extended time, plaintiff's prior motion for discovery was denied without prejudice.  ECF No.

11  52.  As plaintiff was previously informed, to obtain service of a proposed subpoena by the U.S.

12  Marshal, a pro se plaintiff must clearly identify the proposed recipient and the requested

13  documents, and must demonstrate that the requested documents are relevant to the issues in the

14  case and obtainable through the person subpoenaed.  ECF No. 52 at 2 (citing Fed. R. Civ. P. 45).

15       Review of plaintiff's prior filings demonstrates that he has been attempting for some time

16  to obtain a complete copy of his medical records from defense counsel, as well as to obtain an

17  Olson review[3] of his medical records.  See ECF Nos. 48, 51.  In response to plaintiff's second

18  request for production propounded on defendant Lotersztain, ECF No. 51 at 13-7, defense

19  counsel responded in part that she would provide plaintiff with a copy of his medical records, id.

20  at 27-9, a representation plaintiff has acknowledged, id. at 2:4.  However, the status of this

21  production remains unclear.

22       Plaintiff's request from defendant for a copy of his medical records, which were

23

24  [1] Plaintiff's request for service of his proposed subpoenas duces tecum and supporting
documents are not on the court's docket but have been submitted only for this court's
25  consideration.

26  [2] Findings and Recommendations are pending that recommend the dismissal of all other
defendants in this action.  See ECF No. 27.

27  [3] An Olson review refers to the right of California inmates to inspect and copy non-confidential
records maintained in their central and medical files, as established by In re Olson, 37 Cal. App.
28  3d 783 (1974).

1    independently subpoenaed by defense counsel, was properly made in his second production

2    request pursuant to Rule 34, Federal Rules of Civil Procedure.  In contrast, subpoenas under Rule

3    45, Federal Rules of Civil Procedure, are intended for nonparties.  See Fed. R. Civ. P. 34(c).

4    Therefore, plaintiff's proposed Rule 45 subpoena is inappropriately directed to defendant

5    Lotersztain and will be denied on that basis.

6         However, in light of defense counsel's agreement to provide plaintiff with a copy of his

7    medical records, the court will, in part, construe the instant motion as a motion to compel

8    discovery pursuant to Rule 37, Federal Rules of Civil Procedure.  Defense counsel will be

9    directed to provide plaintiff with a complete copy of his medical records, as obtained by

10   defendant, within fourteen days after the filing date of this order, and to file and serve a statement

11   of compliance.  If the records were previously produced to plaintiff, defense counsel shall so

12   state.

13        Plaintiff has also actively sought an Olson review of his medical records, and has

14   corresponded directly with Marc Weeks, Supervisor HRT II in the CSP-SOL Health Records

15   Unit.  See e.g. ECF No. 48 at 6-19; ECF No. 51 at 13-23, 33-5.  Plaintiff's exhibits indicate that

16   the most recent correspondence was plaintiff's April 10, 2020 response to Weeks' April 2, 2020

17   memorandum announcing a temporary suspension of Olson reviews of healthcare records due to

18   the current COVID-19 health crisis *unless* an inmate can show, with "substantiation," that the

19   records are needed "urgently for a legal matter."  See ECF No. 51 at 33-5 (includes plaintiff's

20   March 3, 2020 request); ECF No. 48 at 14.  Plaintiff's response noted the instant legal proceeding

21   and was forwarded to Weeks on April 13, 2020.  ECF No. 51 at 35.  It remains unclear whether

22   plaintiff has obtained access to his medical records through an Olson review.

23        As a general rule, the court will not issue a subpoena for a prisoner's prison medical or

24   other records unless he has demonstrated an inability to obtain them through regular prison

25   procedures.  See e.g. Glass v. Diaz, 2007 WL 2022034, at *4, 2007 U.S. Dist. LEXIS 53535

26   (E.D. Cal. July 9, 2007) (where prison medical records are "equally available to plaintiff, plaintiff

27   must attempt to obtain them through the proper prison channels" before seeking court

28   intervention based on a "showing that he has been unable to obtain these records on his own");

3

1   Valenzuela v. Smith, 2006 WL 403842, at *2,  2006 U.S. Dist. LEXIS 6078 (E.D. Cal. Feb. 16,

2   2006) ("[d]efendants cannot be compelled to produce documents  . . . that are equally available to

3   plaintiff in his prison medical file"); Singleton v. Hedgepath, 2011 WL 1806515, at *8 (E.D. Cal.

4   May 10, 2011) (denying plaintiff's motion to compel defendants' production of documents from

5   his prison file because the documents were "equally accessible to both parties"); Cortinas v.

6   Huerta, 2019 WL 6050833, at *4, 2019 U.S. Dist. LEXIS 198712 (E.D. Cal. Nov. 15, 2019)

7   (declining to compel defendants to produce plaintiff's prison medical records without a showing

8   of plaintiff's "efforts to request and access these files through an Olson review or a subpoena

9   duces tecum").

10          Thus, a subpoena may be served on Mr. Weeks only upon a showing that plaintiff's

11   efforts to review and copy his medical records through regular prison procedures have been

12   unsuccessful.  See id.  Although plaintiff has submitted numerous exhibits demonstrating such

13   efforts, it is plaintiff's responsibility to clearly identify the chronology and substance of these

14   efforts, including the precise medical records sought, the responses plaintiff received, and

15   whether plaintiff has exhausted all available procedures.  For example, although plaintiff's

16   proposed subpoena to Mr. Weeks generally seeks "medical records" in his possession

17   "concerning" plaintiff, his most recent correspondence with the CSP-SOL HRT (effectively Mr.

18   Weeks) indicates that plaintiff is seeking limited medical records.  See ECF No. 51 at 33.  Due to

19   the lack of clarity regarding plaintiff's efforts, the responses he received and the precise medical

20   records he continues to seek, his request for service of a subpoena on Mr. Marc Weeks will be

21   denied without prejudice.

22          Nevertheless, in light of the temporary suspension of Olson review requests at CSP-SOL

23   due to the COVID-19 pandemic, this order shall serve as further substantiation that plaintiff's

24   medical records are relevant to the instant legal proceeding which has a discovery deadline of

25   July 31, 2020.

26          Finally, plaintiff's proposed subpoena directed to the California Medical Board does not

27   meet the threshold requirements of relevance and unavailability by other means.  Defendant

28   Lotersztain's professional disciplinary history, if any, is not relevant to the quality of medical care

4

she provided plaintiff.  Moreover, some such information is publicly available by a search of

defendant's name on the Board's website[4] and through further inquiry by telephone or letter.[5]

Indeed, it appears that plaintiff has made such an inquiry in letter form.  See ECF No. 51 at 10.

For these reasons, plaintiff's request for service of a subpoena on the California Medical Board

will be denied.

III.    Request for Appointment of Counsel

Plaintiff also requests appointment of counsel, particularly to assist him in obtaining

discovery if the court rejects plaintiff's proposed subpoenas.  ECF No. 53.  Plaintiff argues, inter

alia, that appointed counsel could retain a medical expert who would address the complex

medical issues in this case concerning the use of topical steroids.  Plaintiff also notes that he is

facing a potential dispute concerning his current prescription for topical steroids.  In addition,

plaintiff notes his indigence and lack of access to the prison law library due to the current

COVID-19 health crisis.  This is plaintiff's first request for appointment of counsel.

District courts are without authority to require an attorney to represent an indigent

prisoner in a civil rights case.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989)

Although the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

§ 1915(e)(1), this is appropriate only in certain "exceptional circumstances."  Terrell v. Brewer,

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

1990).  When determining whether "exceptional circumstances" exist, the court must consider

plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se

in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th

Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances supporting appointment of counsel.  Id.

---

[4]  See https://www.mbc.ca.gov/Breeze/License_Verification.aspx  City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."); see also Fed. R. Evid. 201 (this court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).
[5]  See https://www.mbc.ca.gov/Consumers/Public_Disclosure.aspx

1    In the present case, the court does not find the required exceptional circumstances at this

2    time.  Proceeding pro se, plaintiff has propounded detailed and substantive discovery requests on

3    defendant, while also independently pursuing the information he seeks through an Olson review

4    and from the California Medical Board.  Appointed counsel would not be of significant assistance

5    in the discovery process, and whether appointed counsel could obtain the court's approval for

6    expert witness fees is not a foregone conclusion.  Moreover, as plaintiff himself notes, "this case

7    involves simple and straightforward facts concerning two distinct acts of 'Deliberate

8    Indifference[.]'  Plaintiff [has] these certain specific time[s] and date[s] when he was prescribed

9    treatment with Prednisolone corticosteroid and the time[s] and [date[s] he did not."  ECF No. 53

10   at 1.  Hence, while it is not possible at this juncture to assess plaintiff's likelihood of success on

11   the merits of his claims, he has demonstrated that he is capable of articulating and pursing his

12   claims pro se in light of the complexity of the legal issues involved.  Therefore, plaintiff's instant

13   motion for appointment of counsel will be denied without prejudice.

14        IV.    Conclusion

15        Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

16        1. Plaintiff's motion for an order directing the United States Marshal to serve plaintiff's

17   proposed subpoenas duces tecum, ECF No. 55, is:  (a) denied without prejudice as to defendant

18   Lotersztain, subject to the directive below; (b) denied without prejudice to the custodian of CSP-

19   SOL's prison medical records (currently Mr. Marc Weeks); and (c) denied with prejudice as to

20   the California Medical Board.

21        2. Plaintiff's motion directed to defendant Lotersztain is construed, in part, as a motion to

22   compel discovery under Rule 37, Federal Rules of Civil Procedure; so construed, defense counsel

23   shall, within fourteen (14) days after the filing date of this order, provide plaintiff with a copy of

24   his medical records as independently obtained by defendant, and shall file and serve a statement

25   reflecting such production.

26        3. Plaintiff's motion for appointment of counsel, ECF No. 53, is  denied without

27   prejudice.

28        4. This order shall serve as substantiation to prison officials that plaintiff's medical

6

1    records are relevant to the instant legal proceeding which has a discovery deadline of July 31,

2    2020.

3           IT IS SO ORDERED.

4    DATED: June 8, 2020

5                                                        _____

6                                                        ALLISON CLAIRE
                                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28